UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY BURCH, | ) CASE NO. 1:14CV1473 |
| | ) |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| | ) |
| -vs- | ) |
| | ) MEMORANDUM OF OPINION |
| COMMISSIONER | ) AND ORDER |
| OF SOCIAL SECURITY | ) |
| | ) |
| Defendant. | ) |

On July 22, 2015, Attorney Michael Glazer filed a motion for attorney fees for Plaintiff Shirley Burch under the Equal Access to Justice Act ("EAJA").  The Commissioner has opposed the motion, and Plaintiff has replied.  The motion for attorney fees is DENIED.

## I.     INTRODUCTION

The Sixth Circuit has explained the history of EAJA as follows:

The EAJA, enacted in 1980, provides for an award of attorney fees to a party prevailing against the United States in a civil action when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees. 28 U.S.C. § 2412(d)(1)(A); *see also Perket v. Sec. of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990). The purpose of the statute is described in its legislative history:

> The [EAJA] rests on the premise that certain individuals ... may be deterred from seeking review of ... unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government. The purpose of the bill is to reduce the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney fees, expert witness fees and other expenses against the United States, unless the Government action was substantially justified.

1

> H.R.Rep. No. 96-1418, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4984. This statement indicates that Congress intended to make challenges to unreasonable government action more accessible for certain individuals by allowing them to recoup reasonable attorney fees and costs, should they prevail.

*Bryant v. Commissioner*, 578 F.3d 443, 445-46 (6th Cir. 2009).

> EAJA provides:
>
>> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> 28 U.S.C. § 2412(d)(1)(A). Eligibility of a fee award in a civil action thus requires that (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; and (3) no special circumstances made an award unjust. *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).
>
> …
>
> In elaborating on the meaning of "substantially justified" under the EAJA, this court has explained that:
>
> [t]he government's position under section 2412(d)(1)(A) is "substantially justified" if it is "'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." ... [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."
>
> *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations omitted).

*Anderson v. Commissioner*, 198 F.3d 244, 1999 WL 1045072, at *3-4 (6th Cir. 1999) (table).

Herein, Plaintiff claims that the Commissioner's position was not substantially justified. In so doing, Plaintiff asserts that the Commissioner has failed to demonstrate that he held a position that had a reasonable basis in law and fact. Plaintiff further asserts that the

Commissioner's assertion that a mere error of articulation is insufficient to award fees lacks merit.

Herein, there is no dispute that this matter was remanded because the ALJ failed to explain why it founds problems with Burch's credibility.  The Circuit has addressed similar errors in the EAJA context by noting:

> The issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record. In the present case, the district court did not find that the ALJ had erred in denying disability benefits based on a failure to apply the sequential analysis correctly, but merely indicated that the court did not feel that the ALJ's opinion was explicit enough in regard to whether or not [the] claimant met a listed impairment. The district court recommended remand so that the ALJ could obtain more current IQ scores, analyze the information provided under the amended law, and better articulate his reasoning, thus giving claimant every benefit of the doubt in determining whether he met a listed impairment. The district court made no finding that claimant meets a listing for mental retardation, nor did she find the ALJ's decision "clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking," Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir.1985), which can lead to a direct award of disability benefits by the district court without the necessity of a remand. A reversal of the denial of benefits and a remand for further clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision to deny benefits was unreasonable.

*Anderson, supra,* at *4.  In relying upon this decision, another member of this Court denied benefits. *See Olive v. Commissioner*, 534 F.Supp.2d 756 (N.D.Ohio 2008) (denying fees where the administrative decision failed to "failed to specify the reasons for finding the claimant's testimony about her symptoms not credible").

The instant motion presents a similar fact pattern.  The undersigned believes that Plaintiff is correct that the Commissioner cannot simply allege that any articulation error warrants a denial of fees.  However, a review of the docket in this matter reflects that the Commissioner's position had a reasonable basis in fact and law.  First, the Commissioner

asserted that the ALJ had in fact conducted a credibility analysis. See Doc. 16 at 8-9. While this Court found that the analysis was not as explicit as required by Agency regulations, the Commissioner's argument was soundly grounded in fact. In addition, the Commissioner's brief makes reasonable factual and legal arguments that the ALJ was substantively correct in finding that the minor child did not qualify for disability benefits. Accordingly, the Commissioner's position herein was substantially justified, having a reasonable basis in fact and law.

    The motion for EAJA fees is DENIED.

    IT IS SO ORDERED.


Dated: <u>November 16, 2015</u>          <i>/s/ John R. Adams</i>_____
                                                           JOHN R. ADAMS
                                                           UNITED STATES DISTRICT JUDGE